IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
NOV - 8 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Stanley M. Twiford,  )
   Plaintiff,  )
  )
v.  )   1:13cv1318 (TSE/TCB)
  )
Virginia Beach City Jail,  )
   Defendant.  )

MEMORANDUM OPINION

Stanley M. Twiford, a Virginia inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, essentially alleging deliberate indifference to his serious medical needs. Plaintiff has moved to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

I.

Plaintiff is an inmate confined at the Virginia Beach Correctional Center ("VBCC"),

---

[1] Section 1915A provides:

   (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

   (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
      (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
      (2) seeks monetary relief from a defendant who is immune from such relief.

1

which he refers to as the Virginia Beach City Jail. He alleges that he filed a grievance "as to the medical department" on August 27, 2013, because inmates who request medical attention at that facility are not seen "for two (2) weeks to a month." Compl. at 5. Plaintiff states that he is 73 years old and has a rash "all over [his] body" because he is allergic to the laundry soap used at VBCC, and that despite having filed the grievance on August 27, he still had not been seen by the medical department as of September 2. Id. The sole named defendant is the Virginia Beach City Jail, and in the section of plaintiff's form § 1983 relief where plaintiff is asked to state the relief he seeks, he has written "none." Compl. at 6.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

Plaintiff does not specify the constitutional protection he believes has been violated by the situation he describes, but in deference to his pro se status the Court will assume that plaintiff intends to invoke his rights under the Eighth Amendment. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to

be intolerable to fundamental fairness." Id. (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, taking all of plaintiff's allegations as true, he fails to state an actionable Eighth Amendment claim for the denial of medical care. As to the first component of such a claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). A rash caused by an allergic reaction to laundry soap is not a sufficiently serious medical condition to warrant constitutional protection. See generally, e.g., Benjamin v. Higgs, 2009 WL 483149 (E. D. Va. Feb. 25, 2009) (Cacheris, J.) (holding that hives is not a sufficiently serious condition to state a claim under the Eighth Amendment), aff'd sub nom. Benjamin v. Unknown, 326 Fed. App'x 183 (4th Cir. June 8, 2009); Goodman v. Wexford Health Sources, Inc., 2009 WL 1360290 (S.D.W.Va. May 13, 2009) (same), aff'd, 425 Fed. App'x 202 (4th Cir. Apr. 28, 2011).

Plaintiff also fails to demonstrate that officials at VBCC were deliberately indifferent to his skin ailment. Taking as true the allegation that plaintiff requested to be seen for his rash by the medical department on August 27 and had not been seen six days later, no showing has been made that the actions of VBCC personnel were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

Lastly, even if plaintiff otherwise had stated a claim for deliberate indifference, VBCC, the sole named defendant, could have no liability to him for the harm alleged. To state a cause of

action under § 1983, a plaintiff must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Because VBCC is not a person, it cannot be sued pursuant to § 1983.

IV.

For the foregoing reasons, the complaint must be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's application to proceed in forma pauperis accordingly must be denied, as moot. An appropriate Order shall issue.

Entered this 8th day of November 2013.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge

5